### SCHUMACHER and another v. SCHWENCKE and others.

*(Circuit Court, S. D. New York. March 23, 1886.)*

TRADE-MARK—JURISDICTION OF CIRCUIT COURT—INFRINGEMENT NOT IN FOREIGN COMMERCE OR TRADE WITH INDIAN TRIBES.

The circuit court has no jurisdiction of a suit for the infringement of a trade-mark by a citizen of the same state as the complainant unless such infringement consists in using the trade-mark by the defendant upon goods intended to be transported to a foreign country, or used in lawful commercial intercourse with an Indian tribe.

In Equity.

*Antonio Knauth,* for orator.

*Louis C. Raegener,* for defendants.

WHEELER, J. This suit is brought to restrain infringement of trade-mark No. 9,737, registered October 17, 1882, and consisting of the words "Henry Lee" appropriated for use upon prints, labels, show-cards, calendars, printed cards, and tags. The parties appear from the bill to be all of them citizens of the state of New York. It is alleged that the orator, a corporation, has used this trade-mark on labels in domestic commerce, inter-state commerce, and commerce with foreign countries, and that the defendants have in New York applied it to labels not made or sold by or for the orator, and sold the same, and have sold the same in other states of the United States, "and have sold the same in foreign countries." These are all the allegations there are as to the use of the trade-mark by the defendants in foreign commerce, and all such sales and use are denied by the defendants. There is nothing in the case about use of it in commerce with any Indian tribe. The courts of the United States have no jurisdiction of suits like this unless it is given by statute under which the trade-mark was registered. *Trade-mark Cases,* 100 U. S. 82; *Luyties v. Hollender,* 21 Fed. Rep. 281; 21 St. at Large, 504, c. 138, § 11. That statute limits the jurisdiction under it so that it is not conferred "unless the trade-mark in controversy is used on goods intended to be transported to a foreign country, or in lawful commercial intercourse with an Indian tribe." It seems to be understood by

the orator's counsel that jurisdiction is given if the trade-mark is used by the orator in foreign commerce, or upon goods intended to be transported to a foreign country. But the authority of congress over this subject arises from the power to regulate commerce, and does not extend to the protection of trade-marks within a state. *Trade-mark Cases,* 100 U. S. 82. The orator may have a valid trade-mark, and an exclusive right to its use in New York; but, if so, his rights in that respect do not rest upon the laws of the United States. The registration under the statute only confers a right to it in foreign commerce, and a claim for infringement, or to be protected against infringement, cannot arise under the constitution or laws of the United States unless the infringement is upon the right to use it in foreign commerce, which can only be by using the trade-mark without right in such commerce. The jurisdiction is not conferred at all by express words of the statute; but only by providing a mode of acquiring a right, a suit for the invasion of which would arise under the laws of the United States within the act of 1875. The clause quoted from is restrictive of that jurisdiction. The defendants do not infringe upon any right resting upon the laws of the United States unless they use the trade-mark in foreign commerce, and jurisdiction of a suit for such infringement is not left in the courts of the United States unless such infringement consists in using the trade-mark by the defendants upon goods intended to be transported to a foreign country. The bill falls short of alleging such use; and this court appears to be without jurisdiction to restrain the use which is alleged.

Motion for preliminary injunction dismissed.